UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECHELL WILIAMS, | CASE NO. 1:14-cv-01937-MJS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM |
| v. | |
| CDCR MENTAL HEALTH, et al., | (ECF NO. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Rechell Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2014. (ECF No. 1.) His complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III.     SUMMARY OF COMPLAINT

Plaintiff identifies California Department of Corrections and Rehabilitation ("CDCR") Mental Health, Psychiatrist and Psychologist John Doe, Mental Health Supervisor John Doe, and Mental Health Associate Warden John Doe as defendants. Plaintiff alleges the following:

On September 12, 2013, Plaintiff was attacked by fellow inmate Garcia.  (Compl. at 3.)  Garcia was designated as an "Enhance Out Patient" ("EOP") inmate and had been on suicide watch.  *Id.*  On the date of the attack, Psychiatrist and Psychologist John Doe released Garcia from the EOP population to the general population.  *Id.* at 3-4.  Garcia's medication was not monitored.  *Id.* at 4.  He became angry, began pacing, and then attacked Plaintiff and attempted to throw him over the second floor tier to the first floor. *Id.*  Plaintiff sustained physical injuries and mental anguish.  *Id.*  The Defendants failed to protect Plaintiff from a substantial risk of harm in violation of the Eighth Amendment.

### IV.     ANALYSIS

#### A.     Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was

violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B.    State Agencies as Defendants

Plaintiff names CDCR Mental Health as a defendant in this action. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). The CDCR is a state agency. CDCR's Mental Health Department is a fixture of the CDCR and is therefore also not a person for the purposes of a Section 1983 action. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Because a necessary element of a successful Section 1983 claim is that a "person" violated the plaintiff's constitutional rights, and CDCR Mental Health is not a "person", Plaintiff cannot state a Section 1983 claim against this Defendant.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty.*

*Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against CDCR Mental Health. Because amendment of this claim would be futile, the Court will dismiss Plaintiff's claim against CDCR Mental Health without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### C.     Linkage and Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. *Id.* at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. *Iqbal*, 556 U.S. at 676.

Plaintiff does not mention how Mental Health Associate Warden John Doe, personally acted to violate his constitutional rights. There are no factual allegations that connect this Defendant with the alleged violations. In fact, he is not even mentioned in Plaintiff's factual statement.

Plaintiff also names Mental Health Supervisor John Doe as a Defendant. Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885

F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Again, here, Plaintiff does not allege facts indicating that Mental Health Supervisor John Doe participated in, directed, or knew of and failed to prevent the alleged violations. Therefore, Plaintiff has not stated a claim against either Defendant Mental Health Associate Warden John Doe or Mental Health Supervisor John Doe.

The Court will grant Plaintiff leave to amend his complaint to state a claim against these Defendants. To do so, Plaintiff needs to set forth sufficient facts showing that the Warden and Mental Health Supervisor <u>personally</u> took some action that violated his constitutional rights. Mere supervision of individuals responsible for a violation is not sufficient.

### D.     Eighth Amendment

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff's factual allegations do not state an Eighth Amendment claim. As an initial matter, it is not clear whether Plaintiff is alleging that Mental Health Psychiatrist and Psychologist John Doe is one person or two separate individuals both of whom approved the release of Garcia into general population. (Compl. at 3-4). Plaintiff refers to him/them in both the singular and plural form. (*See id.* ("Psychiatrist and Psychologist Liable for their. . ."; "CDCR Mental Health Department employee Psychiatrist and Psychologist . . .")). Therefore, in amending his Complaint, Plaintiff must specify whether this is one or two individual(s) and allege facts that would support a claim against the Defendant(s) accordingly.

Moreover, the Complaint does not demonstrate that any individual serving as a Mental Health Psychiatrist and/or a Mental Health Psychologist knew of the risk posed by Garcia and disregarded it. Lacking are facts showing: (1) that the Psychiatrist and/or Psychologist knew Garcia was still mentally unstable or knew of his erratic behavior prior to the attack, (2) how soon after Garcia began demonstrating the behavior the attack occurred, or (3) whether the Defendant(s) had the opportunity to respond before the attack occurred or witnessed the attack and failed to respond. If Plaintiff chooses to amend, he should set out clearly his basis for claiming that a Defendant should have recognized the risk of harm to Plaintiff, had an opportunity to protect Plaintiff from that risk, and nevertheless declined to act or otherwise ignored the risk. Plaintiff should, in addition, specify whether the Defendant took no action or simply took action that proved inadequate.

The Court will grant Plaintiff leave to amend. Any amended complaint must fully address the above issues and explain the circumstances underlying Plaintiff's claim in

more detail.  The facts alleged must demonstrate that each Defendant knowingly disregarded an excessive risk of harm to Plaintiff.  It is not sufficient to simply allege that Defendant "should have known" that his/her actions violated the Eighth Amendment.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  *Iqbal*, 556 U.S. at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  *Id.* at 663 (*quoting Twombly*, 550 U.S. at 555).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  *Jones v. Williams*, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  *Roth v. Garcia Marquez*, 942 F.2d 617, 628-629 (9th Cir. 1991).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

    2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

    3.    Plaintiff shall file an amended complaint within thirty (30) days; and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   December 15, 2014       /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE