UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECHELL WILIAMS, | CASE NO. 1:14-cv-01937-MJS |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| CDCR MENTAL HEALTH, et al., | (ECF No. 13) |
| Defendants. | DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| | CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE |

**I.    PROCEDURAL HISTORY**

Plaintiff Rechell Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2014. (ECF No. 1.)  The Court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave leave to amend.  (ECF No. 7.)  Plaintiff's First Amended Complaint (ECF No. 13.) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff identifies Clinician Jane/John Doe, Chief Psychologist R. Coffin, Chief Psychiatrist John/Jane Doe[1], Correctional Counselor I John/Jane Doe, Chief Medical Executive G. Ugwueze, and Chief Executive Officer C. Cryer as Defendants.  Plaintiff alleges essentially the following:

On September 12, 2013, Plaintiff was attacked by fellow inmate Garcia.  Garcia was designated as an "Enhance Out Patient" ("EOP") inmate and had been on suicide watch.  Defendants are members of the committee that determines the placement of mental health inmates in the prison.  On the date of the attack, Defendants approved Garcia's release from the EOP population to the general population despite knowing that he needed regular monitoring.  Garcia also informed Defendants that he needed help or he would hurt himself or someone else.  Defendants violated California Code of Regulations and prison policies by failing to properly diagnose, monitor, and treat inmate Garcia.

Upon his release to the general population, Garcia was pacing around and acting in an aggressive manner.  Two witnesses observed Garcia and informed staff of his behavior.  Garcia then attacked Plaintiff by attempting to throw him over the second floor tier to the first floor.

---

[1] Plaintiff alleges that this position was vacant during the relevant time period.  As discussed below, Plaintiff cannot state a claim against a non-existent person.

Plaintiff seeks damages for Defendants' failure to protect him in violation of the Eighth Amendment.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934

(9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

While Plaintiff alleges that Chief Psychiatrist John/Jane Doe was on the panel that decided to release Garcia into the general population, he states that the position was vacant at the time. Plaintiff cannot state a claim against a position not occupied by an actual person. Leave to amend is denied as futile.

### C.     California Code of Regulations

To the extent that Plaintiff alleges Defendants violated Title 15 of the CCR or other prison policies, he does not state a cause of action. The existence of the CCR does not necessarily entitle an inmate to sue civilly. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. *See e.g., Vasquez v. Tate*, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012). Because Plaintiff may not bring an independent claim solely for violation of prison regulations set out in Title 15, leave to amend such a claim is futile and is denied on that basis.

### D.     Eighth Amendment

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety.

*Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff's factual allegations do not state an Eighth Amendment claim. Plaintiff alleges that Garcia informed Defendants that he would harm himself or someone else if he was taken off of suicide watch and placed back into the general population. A failure to respond and protect Plaintiff from such a broad, generalized risk will not support a claim that any Defendant was deliberately indifferent to an excessive risk of harm to Plaintiff. *See Hollis v. Laird*, No. 1:11-cv-00748-AWI-SKO, 2014 U.S. Dist. LEXIS 118289, at *43 (E.D. Cal. Aug. 25, 2014) (placement in a cell with inmate known to be mentally unstable insufficient to establish subjective mental state of deliberate indifference); *See also Johnson v. Hicks*, No. 1:11-cv-02162-GSA-PC, 2014 U.S. Dist. LEXIS 54239, at *12-13 (E.D. Cal. April 17, 2014) (concerns regarding placement with an inmate known for in-cell violence fails to state an Eighth Amendment claim). Plaintiff fails to allege any specific threats that Garcia made to him, that he told any Defendant he was the target of any such threats, or that any of the named Defendants had reason to believe that Garcia was exhibiting aggressive behavior toward Plaintiff.

Plaintiff was advised of these deficiencies in his claim in the Court's prior screening order. (ECF No. 13.) Plaintiff's failure to cure these deficiencies is reasonably

construed as reflecting his inability to correct them. Further leave to amend would be futile and is denied.

## V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening order of deficiencies in his claims and was given the opportunity to correct them. Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of his First Amended Complaint (ECF No. 13.), filed April 6, 2015;
2. The action is DISMISSED WITH PREJUDICE for failure to state a claim;
3. Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and
4. The Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   April 28, 2015                                /s/ *Michael J. Seng*
                                                                    UNITED STATES MAGISTRATE JUDGE